UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN ROE; JANE ROE; JANE ROE 1,

                              Plaintiffs,

            -against-

CITY OF NEW YORK, et al.,

                              Defendants.

20-CV-9635 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

Plaintiffs, proceeding *pro se* and anonymously, filed this action alleging that Defendants violated their rights. On November 20, 2020, the Court directed Plaintiffs, within thirty days, to (1) submit under seal an amended complaint with their real names, signatures, and addresses; (2) submit a motion to proceed anonymously; and (3) pay the $400.00 in filing fees or each Plaintiff request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, by submitting three signed IFP applications. That order specified that failure to comply would result in dismissal of this action. Because Plaintiffs failed to comply with the Court's November 20, 2020 order, on January 5, 2021, the Court dismissed this action without prejudice.[1]

On January 12, 2021, Plaintiffs John Roe, Jane Roe, and Jane Roe 1 submitted an "Order to Show Cause for Vacatur, Correcting Records, Clarification, Requested Records Copy, Et Seq." (ECF No. 7.). On February 3, 2021, Plaintiffs John Roe, Jane Roe, and Jane Roe 1 submitted an "Amended Order to Show Cause (Nunc Pro Tunc) for Vacatur, Correcting Records, Clarification, Requested Records Copy, Conditional Notice of Appeal Et Seq." signed only by

---

[1] Because Plaintiffs did not provide a physical or email address to the Court, the Clerk of Court was unable send the orders to Plaintiffs.

Plaintiff John Roe (ECF No. 8.). On February 7, 2021, Rudy Rosenberg filed a "Letter Motion for Clarification, Correct the Record Et Seq." (ECF No. 9.) On May 7, 2021, Plaintiffs Rudy Rosenberg, Jacqueline Rosenberg, and Eltha Jordan filed an "Order to Show Cause: Vacatur of Judgment Orders, Correction of Record, Clarification Alternatively, Reopen Time to File Appeal, Per FRCP 59(e) & 60(b) Et Seq; FRAP Rule 4(a) (5)(6)." (ECF No. 10.)

The Court liberally construes these submissions as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him" (citations omitted)). After reviewing the arguments in Plaintiffs' submissions, the Court denies the motion.

## BACKGROUND

Since May 2020, the Court has received at least five similar actions (the "anonymous cases"), including this case, in which Plaintiffs seek to proceed under the pseudonyms John Roe and Jane Does, without submitting a motion for permission to proceed anonymously or following the procedures for such actions.[2] *See Roe v. City of New York*, ECF 1:20-CV-4059, 4 (S.D.N.Y.

---

[2] The complaints name many of the same defendants, do not contain the plaintiffs' real names, addresses, or signatures, and are submitted without payment of the filing fees or an IFP application for each plaintiff. In each action, the Court directed the plaintiffs to file an amended complaint with their real names, addresses, and signatures, submit a motion to proceed anonymously, and to pay the filing fees or to submit an IFP application for each plaintiff. So far, the plaintiffs have failed to comply with the Court's orders.

Aug. 5, 2020) (action dismissed for Plaintiff's failure to comply with the Court's June 1, 2020 order); *Roe v. City of New York*, ECF 1:20-CV-9635, 5 (S.D.N.Y. Jan. 5, 2021) (action dismissed for Plaintiffs' failure to comply with the Court's November 20, 2020 order); *Roe v. City of New York*, ECF 1:20-CV-10188, 3 (S.D.N.Y. filed Dec. 3, 2020); *Roe v. City of New York*, ECF 1:20-CV-10260, 3 (S.D.N.Y. Apr. 21, 2021) (action dismissed for Plaintiffs' failure to comply with the Court's January 25, 2021 order).

On January 25, 2021, in an order issued in one of the anonymous cases, *Roe v. City of New York*, No. 20-CV-10260, the Court stated its belief that all of the anonymous cases had been filed by Rudy Rosenberg, noting that state-court trial transcripts and other documents attached to the complaint identified Rosenberg as John Roe. ECF 1:20-CV-10260, 4, at 6. The Court concluded that Rosenberg's litigation history and the plaintiffs' consistent failure to respond to the Court's orders in the anonymous cases "strongly suggest that these filings were made maliciously and with the intent to harass."[3]  ECF 1:20-CV-10260, 4, at 6.

Plaintiffs' submissions in this case are much like his submissions in the anonymous cases.[4]  Plaintiff Rudy Rosenberg a/k/a John Roe accuses the undersigned of being "actively

---

[3]  Rosenberg has a history of repeatedly filing inappropriate motions and then failing to comply with the Court's orders, including orders to file complete IFP applications in his own name. *See, e.g., Rosenberg v. City of New York*, ECF 1:20-CV-3911, 13 (S.D.N.Y. Sept. 4, 2020) (describing the plaintiff's disregard of two previous orders requesting IFP applications, denying an unsigned order to show cause as substantially similar to four earlier submissions, which were also denied, and noting that the plaintiff filed a premature notice of appeal). Rosenberg has previously filed motions to proceed anonymously or under a pseudonym, which the Court has denied. *See, e.g., id.*, ECF 1:20-CV-3911, 9, at 5 ("[T]he allegations at issue in this case are not of a highly sensitive and personal nature, and Plaintiff has not demonstrated any real, rather than speculative, harm if his name remains in the judicial record."); *Rosenberg v. Shemiran Co. LLC*, ECF 1:20-CV-0229, 6 (S.D.N.Y. Feb. 3, 2020) (denying Rosenberg's request to proceed anonymously); *see also Rosenberg v. City of New York*, ECF 1:20-CV-4012, 11 (S.D.N.Y. July 13, 2020) (denying Rosenberg's request to restrict public access to the pleadings in the case).

[4]  It is not clear that Jacqueline Rosenberg and Eltha Jordan intended to be parties to this action or the other anonymous cases. Neither has responded to any of the Court's orders. Only

engaged in bizarre behavior that includes cooperating or ignoring the Clerk of the Court's record fabrications." (ECF No. 7 at 4; ECF No. 8 at 11.) He also accuses the undersigned and the Hon. Colleen McMahon of being "engaged in a conspiracy to deprive the plaintiffs' civil rights as evidenced by the fact that each of our motions filed from June through August 2020 incorporated the appeal notice relief that you both deliberately ignored." (ECF No. 9 at 2.) Plaintiff also asserts that the undersigned and Judge Colleen McMahon "have deliberately falsified and otherwise corrupted the Court and Clerk's Office records, in each of the plaintiffs' dockets, that includes their issuance of orders that are engineered to be perjure laden, vague and conclusory in addition to directing or causing the corruption of the docket sheets." (ECF No. 10 at 5.)

## DISCUSSION

### A.      Accusations of Bias or Prejudice

The Court first addresses Rosenberg's allegations of bias on the part of the undersigned. A judge is required to recuse himself from "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy*

---

Rosenberg has submitted signed documents to the Court and acknowledged the identities of the plaintiffs in the anonymous cases.

*Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted).

And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."

*Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir.

2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against

him on all his motions and where plaintiff had "speculated that the judge may have been

acquainted with [him]").

Rosenberg states no facts suggesting that the undersigned "displayed a deep-seated

favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Any reasonable and objective observer would perceive Rosenberg's dissatisfaction only with the

Court's rulings. But Rosenberg is free to appeal the Court's decisions to the United States Court

of Appeals for the Second Circuit. *See Liteky*, 510 U.S. at 555 (noting that "[a]lmost invariably,

[judicial rulings] are proper grounds for appeal, not for recusal").

To the extent Rosenberg's submissions could be read as questioning the Court's

impartiality, the undersigned finds that there is no need to recuse himself from this action.

## B.     Motion for Reconsideration

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same.

*R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must

demonstrate that the Court overlooked "controlling law or factual matters" that had been

previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and

Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y.

2009). "Such motions must be narrowly construed and strictly applied in order to discourage

litigants from making repetitive arguments on issues that have been thoroughly considered by the

court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y.

2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

"[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

In the submissions, which the Court construes together as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order, Plaintiffs have failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. They have also failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) applies or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). They bring the motion essentially to voice their frustration with the Court's handling of their anonymous filings. Because Plaintiffs do not present any legal or factual matters that would call into question the Court's dismissal of the complaint, the motion for reconsideration is denied.

The Court also denies Plaintiffs' requests for any other relief in this matter, including construing the submissions alternatively as a notice of appeal. If Plaintiffs wish to appeal this or any other order of the Court, they must submit a notice of appeal captioned for the United States Court of Appeals for the Second Circuit, along with the filing fees.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Rudy Rosenberg at 244 Fifth Avenue, Suite 2992, New York, NY 10001.[5]

The Court construes Plaintiffs' submissions (ECF Nos. 7-10) as a motion for reconsideration and denies the requested relief. All other matters in this action are terminated.

---

[5] Plaintiffs have not provided physical or email addresses to the Court for this action. The Court is directing the Clerk of Court to mail the order to an address Rudy Rosenberg provided in one of the cases he filed in his own name. *See Rosenberg*, No. 20-CV-3911 (LLS).

The Clerk of Court is also directed not to accept any further submissions under this closed case number except for papers directed to the United States Court of Appeals for the Second Circuit.

SO ORDERED.

Dated:   August 27, 2021
         New York, New York

                                          *Louis L. Stanton*
                                          Louis L. Stanton
                                          U.S.D.J.